## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| MARIA ALEJANDRA CELIMEN SAVINO,    ) | |
| ) | |
|      Petitioner,    ) | |
| ) | Civil Action |
| v.    ) | No. 20-10259-PBS |
| ) | |
| STEVEN J. SOUZA,    ) | |
| ) | |
|      Respondent.    ) | |
| _____) | |

### MEMORANDUM & ORDER

April 9, 2020

Saris, D.J.

Pro se petitioner Maria Alejandra Celimen Savino brought a habeas petition seeking relief pursuant to the Court's declaratory judgment in Brito v. Barr, 415 F. Supp. 3d 258 (D. Mass. 2019) ("Brito"). On March 19, 2020, the Court dismissed the petition, stating that Petitioner was "no longer a member of the Brito class" because she was "detained pursuant to 8 U.S.C. § 1231, rather than 8 U.S.C. § 1226(a)." Dkt. No. 10. Now, Petitioner moves for reconsideration of that Order. Dkt. No. 13.

## I.    Standard of Review

Federal Rule of Procedure 60(b) "grants federal courts the power to vacate judgments whenever such action is appropriate to accomplish justice." Bouret-Echevarria v. Caribbean Aviation Maintenance Corp., 784 F.3d 37, 41 (1st Cir. 2015) (citation

1

omitted); <u>see also</u> Fed. R. Civ. P. 60(b)(6) (allowing a court to "relieve a party or its legal representative from a final judgment, order, or proceeding . . . [for any] reason that justifies relief").

Courts evaluating motions for reconsideration under Rule 60(b)(6) typically "examine four factors: (1) the motion's timeliness, (2) whether exceptional circumstances justify extraordinary relief, (3) whether the movant can show a potentially meritorious claim or defense . . . and, (4) the likelihood of unfair prejudice to the opposing party." <u>Bouret-Echevarria</u>, 784 F.3d at 43. Courts are not required to conduct an "in-depth, multi-factored analysis," particularly where "one factor predominates to such an extent that it inexorably dictates the result." <u>Id.</u> (citing <u>Ungar v. Palestine Liberation Org.</u>, 599 F.3d 79, 83-84 (1st Cit. 2010)); <u>see also</u> <u>Guadalupe-Baez v. Pesquera</u>, 819 F.3d 509, 518 (1st Cir. 2016) (explaining that a motion for reconsideration under Federal Rule of Civil Procedure 59(e) "must either establish a clear error of law or point to newly discovered evidence of sufficient consequence to make a difference").

## II.  **Legal Framework**

The <u>Brito</u> Post-Hearing Class consists of: "All individuals who (1) are or will be detained pursuant to 8 U.S.C. § 1226(a), (2) are held in immigration detention in Massachusetts or are

2

otherwise subject to the jurisdiction of the Boston Immigration Court, and (3) have received a bond hearing before an immigration judge." <u>Brito</u>, 415 F. Supp. 3d at 263.

Under 8 U.S.C. § 1226(a), "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). During the course of removal proceedings, an alien may receive an administratively final order of removal. Immigration regulations provide that an order of removal is administratively final, <u>inter alia</u>, "[u]pon dismissal of an appeal by the Board of Immigration Appeals." 8 C.F.R. § 1241.1(a).[1]

---

[1] An order of removal is also considered administratively final:

    (b) Upon waiver of appeal by the respondent;
    (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
    (d) If certified to the Board [of Immigration Appeals] or Attorney General, upon the date of the subsequent decision ordering removal;
    (e) If an immigration judge orders an alien removed in the alien's absence, immediately upon entry of such order; or
    (f) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a voluntary departure bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board of the Attorney General.

8 C.F.R. § 1241.1.

In certain circumstances, the detention of an alien is governed not by 8 U.S.C. § 1226, but rather by 8 U.S.C. § 1231. The latter statute provides:

> (A)  In general -- Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
>
> (B)  Beginning of period – The removal period begins on the latest of the following:
>
> >  (i)    The date the order of removal becomes administratively final.
> >  (ii)   If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> >  (iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1) (emphases added).

Several circuit courts have held that "Section 1231 does not govern the detention of immigrants whose removal has been stayed pending judicial review." Hechavarria v. Sessions, 891 F.3d 49, 56 (2d Cir. 2018); see Leslie v. Att'y Gen. of the U.S., 678 F.3d 265, 270 (3d Cir. 2012) ("[E]very circuit to consider the issue has held that § 1226, not § 1231, governs detention during a stay of removal."), abrogated in part and on other grounds by Jennings v. Rodriguez, 138 S. Ct. 830, 847 (2018); Prieto-Romero v. Clark, 534 F.3d 1053, 1057-58 (9th Cir. 2008) (holding that the Government's statutory authority to

detain an alien "whose administrative review is complete but whose removal is stayed pending the court of appeals' resolution of his petition for review, must be grounded in § 1226(a)"); see also Reid v. Donelan, 64 F. Supp. 3d 271, 276-77 (D. Mass. 2014) (holding that an alien "is simply not being held under § 1231" where "a removal order has been stayed"). But cf. Akinwale v. Ashcroft, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002) (assuming Section 1231 provided authority to detain petitioner who had obtained a judicial stay, without considering the applicability of Section 1226).

### III. **Analysis**

Respondent argues that once an administratively final order of removal is entered, the Government's statutory authority for detention is grounded in Section 1231 rather than Section 1226,[2] even where a court has granted a stay of removal pending judicial review of the removal order. Many of Respondent's arguments in support of this interpretation have been considered and rejected in the circuit-level cases cited above.

First, Respondent argues that "Section 1231 governs the authority for Petitioner's detention because she currently has an administratively final order of removal." Dkt. No. 16 at 4-5.

---

[2] As Respondent notes, this discussion pertains to aliens who have received administratively final orders of removal in standard removal proceedings pursuant to 8 U.S.C. § 1229(a).

As the Second Circuit has explained, this reading of Section 1231 is "untenable," because it would "render section (ii) mere surplus" to hold that "any immigrant with an administratively final order of removal is subject to detention under 8 U.S.C. §1231," even if the immigrant's removal has been stayed pending judicial review. Hechavarria, 891 F.3d at 55.

Respondent further claims that ICE's detention authority "falls within Section 1231" because "ICE's ability to carry out Petitioner's removal was [only] temporarily interrupted upon the issuance of a stay of removal by the First Circuit." Dkt. No. 16 at 7. But "removal is not inevitable" where a judicial stay has been granted. Hechavarria, 891 F.3d at 56 (rejecting Government's argument that a stay of removal "simply 'temporarily interrupted' 'DHS's ability to carry out [the Petitioner's] removal'"); see also Leslie, 678 F.3d at 270 ("[I]nsofar as the purpose of § 1231 detention is to secure an alien pending the alien's certain removal, § 1231 cannot explain nor authorize detention during a stay of removal pending further judicial review.").

Second, Respondent argues that "Section 1226 is not a 'default' detention provision." Dkt. No. 16 at 5. It is not necessary to regard Section 1226 as a "default" detention provision in order to find that it governs the detention of Petitioner in this case. Multiple circuit courts have held that

6

Section 1226 governs the detention of an immigrant "whose administrative review is complete but whose removal is stayed pending the court of appeals' resolution of his petition for review." Prieto-Romero, 534 F.3d at 1057-58; see also Hechavarria, 891 F.3d at 57; Leslie, 678 F.3d at 270.

Third, Respondent argues that the titles of the applicable statutory and regulatory provisions support its interpretation of Sections 1226 and 1231. Dkt. No. 16 at 6. However, "the title of a statute . . . cannot limit the plain meaning of the text. For interpretive purposes, [the title] is of use only when it sheds light on some ambiguous word or phrase." Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 212 (1998) (cleaned up); see also INS v. St. Cyr, 533 U.S. 289, 308-09 (2001) (declining to rely on a statute's title where "the actual text of [the] provision" did not support a party's proposed interpretation). Here, the "plain language" of Sections 1226 and 1231 indicate that Section 1226 governs the detention of an alien who has received both an administratively final order of removal and a stay of that removal pending judicial review. See Hechavarria, 891 F.3d at 53, 57.

Respondent cites but does not address this Court's prior holding on this question in Reid v. Donelan, 64 F. Supp. 3d 271, 276-77 (D. Mass. 2014). Nor does he explain why the Court ought

to disregard the holdings of the Second, Third, and Ninth
Circuits.

Instead, Respondent relies primarily on Eleventh Circuit
opinions, many of which do not directly examine the relationship
between Section 1226 and Section 1231. <u>See</u> Dkt. No. 16 at 6-7;
<u>Linares v. Dep't of Homeland Sec.</u>, 598 F. App'x 885, 887 n.2
(11th Cir. 2015) (assuming without deciding that petitioner's
application for a judicial stay, along with other "obstructive
actions" such as refusing to provide a signature or board a
plane, warranted extension of Section 1231's 90-day removal
period); <u>De La Teja v. United States</u>, 321 F.3d 1357, 1362-65
(11th Cir. 2003) (discussing applicability of Section 1231 in
case where petitioner had not appealed his removal order to the
court of appeals); <u>Dini v. Warden, Etowah Cty. Detention Ctr.</u>,
No. 4:19-cv-01065-RDP-JEO, 2019 WL 4888018, at *1 (N.D. Ala.
Oct. 3, 2019) ("In this Circuit, a stay of removal suspends the
time period set forth by § 1231(a)(1), rather than causing the
detention to revert to § 1226.").

Respondent also cites this Court's opinion in <u>Rodriguez-
Guardado v. Smith</u>, for the proposition that Section 1231's
removal period is extended where an alien "secur[es] a
discretionary stay." 271 F. Supp. 3d 331, 334 (D. Mass. 2017).
However, the petitioner in <u>Rodriguez-Guardado</u> sought stays of
removal from only ICE and the Board of Immigration Appeals,

rather than the circuit court. See id. at 333-34 & n.3. Thus, the "judicial[] review[]" of Section 1231(a)(1)(B)(ii) was not implicated. The Court need not address here the effect of an administrative stay of removal.

After review of case law, the Court agrees with the majority of the circuit courts and the Reid court that Section 1226 "continues to govern detention" where "a removal order has been stayed" pending judicial review. Reid, 64 F. Supp. 3d at 276-77. Here, the First Circuit has stayed Petitioner's removal pending consideration of her petition for review. As such, the 90-day removal period under 8 U.S.C. § 1231(a)(1)(A) has not begun. See 8 U.S.C. § 1231(a)(1)(B)(ii). Petitioner is therefore currently detained under 8 U.S.C. § 1226(a). She remains a member of the Brito Post-Hearing Class and may seek relief consistent with the Court's declaratory judgment in that case.

Petitioner has submitted a timely motion for reconsideration and has demonstrated extraordinary circumstances justifying extraordinary relief. Petitioner has established that the Court's March 19, 2020 order contained a clear legal error, because Petitioner is currently detained under 8 U.S.C. § 1226(a) and therefore remains a member of Brito's Post-Hearing Class. Though it is unclear whether Petitioner will ultimately prevail on her underlying Brito claim, the Government has not

argued that it will suffer unfair prejudice from a vacatur of the Court's March 19, 2020 order.

### ORDER

The Court **ALLOWS** Petitioner's motion for reconsideration (Dkt. No. 13) and **VACATES** its March 19, 2020 Order (Dkt. No. 10).  The Petitioner shall file a reply to Respondent's response (Dkt. No. 9) to the petition within 7 days of entry of this Order.

SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
United States District Judge