**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                                        )
MARIA ALEJANDRA CELIMEN SAVINO,         )
                                        )
         Petitioner,                    )
                                        )           Civil Action
v.                                      )           No. 20-cv-10259-PBS
                                        )
STEVEN J. SOUZA, Superintendent,        )
Bristol County Jail and House of        )
Correction,                             )
                                        )
         Respondent.                    )
_____)
```

**ORDER**

May 11, 2020

Saris, D.J.

Petitioner Maria Alejandra Celimen Savino brings this

habeas petition seeking relief pursuant to the Court's

declaratory judgment in Brito v. Barr, 415 F. Supp. 3d 258 (D.

Mass. 2019) ("Brito"). Petitioner argues that her immigration

bond hearing did not meet due process standards because she was

required to bear the burden of proof, rather than the

Government. Petitioner claims she was prejudiced by this error

and so is entitled to receive a new bond hearing. Respondent

contends that Celimen Savino cannot demonstrate prejudicial

injury because there is sufficient evidence that her release

would pose a danger to the community. For the reasons stated

below, the Court hereby **ALLOWS** the petition (Docket No. 1) and

**ORDERS** that Petitioner be released unless she receives, within

seven calendar days, a bond hearing that complies with the

requirements of Brito, including the consideration of

alternative conditions of release that reasonably assure the

safety of the community and the Petitioner's future appearances.

### LEGAL STANDARD

Under 8 U.S.C. § 1226(a), "an alien may be arrested and

detained pending a decision on whether the alien is to be

removed from the United States." After ICE makes the initial

decision to detain an alien, the alien may request a bond

hearing in immigration court at any time before a removal order

becomes final. 8 C.F.R. § 236.1(d)(1). In Pensamiento v.

McDonald, the Court held that constitutional due process

"requires placing the burden of proof on the government in

§ 1226(a) custody redetermination hearings." 315 F. Supp. 3d

684, 692 (D. Mass. 2018).

In a subsequent class action, Brito v. Barr, the Court

entered the following declaratory judgment:

> [A]liens detained pursuant to 8 U.S.C. § 1226(a)
> are entitled to receive a bond hearing at which the
> Government must prove the alien is either dangerous by
> clear and convincing evidence or a risk of flight by a
> preponderance of the evidence and that no condition or
> combination of conditions will reasonably assure the
> alien's future appearance and the safety of the
> community. At the bond hearing, the immigration judge
> must evaluate the alien's ability to pay in setting

   bond above $1,500 and must consider alternative
   conditions of release, such as GPS monitoring, that
   reasonably assure the safety of the community and the
   alien's future appearances.

415 F. Supp. 3d at 271. The Court held that class members who

had received an unlawful hearing could seek relief by "show[ing]

prejudice via an individual habeas petition." Brito v. Barr, 395

F. Supp. 3d 135, 148 (D. Mass. 2019).

   To establish prejudice, a petitioner must show that a due

process violation could have affected the outcome of the custody

redetermination hearing. See Doe v. Tompkins, No. 18-cv-12266,

2019 U.S. Dist. LEXIS 22616, at *3-4 (D. Mass. Feb. 12, 2019)

(citing Pensamiento, 315 F. Supp. 3d at 693; then citing Singh

v. Holder, 638 F.3d 1196, 1205 (9th Cir. 2011)). The prejudice

inquiry requires the court to conduct "an individualized

assessment of [the petitioner's] criminal history and personal

characteristics." Brito, 395 F. Supp. 3d at 147.

## **FACTS**

   Petitioner, a citizen of Venezuela, entered the United

States pursuant to a student visa in 2007. She currently has no

legal status in the United States.

   Petitioner teaches at the Dance Complex in Cambridge and

volunteers as a special event coordinator at the Cambridge

Health Alliance. She claims to have strong ties to her

community.

Since 2008, Petitioner has been arraigned nine times, for charges including assault and battery, assault and battery with a dangerous weapon, assault and battery on a household/family member, and violation of a restraining order. The charges have all been dismissed, with the exception of one 2016 charge for assault and battery with a dangerous weapon, for which Petitioner received a continuation without a finding. Petitioner's ex-husband obtained restraining orders against her in 2016, 2017, and 2018.

Petitioner has been detained in ICE custody since February 26, 2019. She received a custody redetermination hearing on April 4, 2019, at which she bore the burden of proof. The immigration judge ("IJ") concluded that the Petitioner had not demonstrated that she was not a danger to the community, based on her criminal record in the United States. The BIA dismissed Petitioner's appeal of the IJ's custody redetermination decision on October 29, 2019.

An IJ denied Petitioner's claims for relief from removal from the United States in July 2019. The BIA dismissed the Petitioner's appeal of that decision in January 2020. In February 2020, the First Circuit granted the Petitioner's motion to stay removal while it considers her petition for review.

## DISCUSSION

In analyzing a detainee's request for a bond redetermination, an immigration judge may consider several factors, including:

> (1) Whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States.

Matter of Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006).

Petitioner argues that the result of her bond hearing would have been different if the Immigration Court had placed the burden of proof upon the Government. Respondent contends that the petition should be dismissed because the Petitioner cannot demonstrate prejudice. Because liberty is at stake, the Court writes promptly and briefly.

## I.   Danger to the Community

Brito requires the Government to prove that an alien detained pursuant to Section 1226(a) is dangerous by clear and convincing evidence. See Brito, 415 F. Supp. 3d at 267.

Respondent argues that Petitioner suffered no prejudice because her past criminal charges demonstrate she is a danger to the community. Petitioner does not contest the existence of the

charges. She states that her criminal history arose from a
"tumultuous romantic relationship" in which she "made many
mistakes." Dkt. 26 at 6 (admitting to hitting her ex-husband
with a brook stick and a bottle of shampoo, and explaining that
the restraining order violations arose from her efforts to
"recover[] her dog and cat").

The Court is troubled by Petitioner's alleged threats and
violence against her ex-husband. However, all charges against
the Petitioner have been dismissed or continued without a
finding. In addition, the Petitioner is not currently subject to
a restraining order. Cf. Langa v. McDonald, No. 20-cv-10186 (D.
Mass. Mar. 3, 2020) (finding petitioner was not prejudiced by
burden allocation where he had an open restraining order and the
alleged victim appeared at the bond hearing). Accordingly, the
improper burden allocation at Petitioner's hearing "could have
affected" the Immigration Court's assessment of dangerousness,
which must be found by the heightened burden of clear and
convincing evidence. See Doe, 2019 U.S. Dist. LEXIS 22616, at
*3-4. It will be up to an immigration judge to determine whether
any conditions of release can reasonably assure the safety of
the community, including the Petitioner's ex-husband.  See
Brito, 415 F. Supp. 3d at 271.

## **CONCLUSION**

Petitioner was prejudiced by the errors in her bond hearing and therefore is entitled to a new bond hearing. The petition for a writ of habeas corpus (Docket No. 1) is accordingly **ALLOWED**. The Court **ORDERS** that Petitioner be released unless she receives, within seven calendar days, a bond hearing that complies with the requirements of Brito v. Barr, 415 F. Supp. 3d 258 (D. Mass. 2019), including the consideration of alternative conditions of release that reasonably assure the safety of the community and the Petitioner's future appearances.


SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
United States District Judge